## William Harlev and Alfred Harlev v. David Weiner.

1.   INSTRUCTIONS — *Where the Evidence is Conflicting.*—Where the evidence upon the trial of an issue of fact is conflicting, it is highly nec- essary that the instructions should be reasonably free from error.

2.   SAME—*Error to Assume the Existence of Fact.*—An instruction which assumes the existence of a controverted fact, is erroneous.

Replevin.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Submitted at the March term, 1895, of this court.   Reversed and remanded.   Opinion filed April 22, 1895.

JOHN J. COBURN and LAWRENCE M. ENNIS, attorneys for appellants; HENRY M. COBURN, of counsel.

James B. Muir and Robert H. Vickers, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This was an action of replevin brought by the appellee against the appellants to recover possession of 1,000 cords of wood and 100 logs.

The said property was taken under the replevin writ, and the judgment was that the appellee have and retain the same, and that he recover his damages of $84 and costs.

It may be assumed that the appellants had a contract with the Sanitary District trustees to perform certain work on the main drainage canal, which necessitated the removal by them from a certain portion of the right of way for said canal, of all timber, stumps, brush, etc., thereon growing or standing.

On January 18, 1893, they made a contract with one Nelson Bleau to do that work, whereby Bleau was to pay appellants $2,500.10 from time to time as demanded, and was to have all the timber, brush and materials taken from the land, the appellants reserving for themselves a lien upon such timber, etc., until said $2,500 should be fully paid to them.

By a writing, dated March 10, 1893, the appellee made a proposition, not addressed to any one by name, to cut and remove all logs, trees and brush remaining on said land, in consideration of having "all remaining wood left on said section," and to pay $100 "for all wood cut up to this date." By the proposition appellee agreed to do the work "in a manner best suited to Harlev & Son (the appellants), contractors for said section."

Bleau indorsed on the back of the written proposition, as follows: "We accept the within proposition of David Weiner.

Nelson Bleau.

Authorized by Harlev & Son to make the agreement."

For the $100 so specified, the appellee executed and delivered his promissory note, payable to the order of Bleau,

thirty days after date, and paid the note on April 24, 1893.

Trouble arose between appellants and appellee because the latter refused after having cut the wood, to pull the stumps, claiming that such was not his duty under his contract, and appellants stopped the appellee from removing the wood that remained on the ground, and which was the subject of the replevin. Notwithstanding the appellants reserved a lien upon the wood, etc., by the terms of the contract with Bleau, dated January 18th, it was competent for them by subsequent arrangement with Bleau to authorize the contract of March 10th with the appellee, or to ratify it after it was made. There was much evidence heard on both sides, touching both the authority of Bleau by the appellants to make the contract of March 10th with the appellee, and the inducement to appellee under such authority to enter into said contract, and touching appellant's subsequent knowledge and ratification of it, and such evidence was most conflicting in its character.

The questions arising upon the evidence were of a kind peculiarly within the province of a jury, and the evidence being conflicting, the verdict of the jury would be final, and treated as conclusive in an appellate tribunal, if the cause had been submitted to the jury upon proper instructions. It is hardly necessary to say that facts are for the jury and not for the court, and therefore, when the trial judge refused each and all of the instructions asked by the defendants, and of his own motion prepared and gave, as his own, to the jury, a substitute for the defendant's instructions, it was highly necessary that such an instruction should be reasonably free from error, and should not tell the jury what the fact was upon a vital issue in the case.

As already said, it was a controlling issue in the case whether the contract of March 10th, that Bleau made with the appellee, was authorized by the appellants. Recognizing the importance of that issue, the judge in his instruction says: " It is therefore important for you to consider the effect of this contract of March 10, 1893, upon the rights of the defendants, Harlev & Son, *and authorized by them*,"

etc. The italics are ours. The whole context is obscure (see Haskin v. Haskin, 41 Ill. 197), but need not be quoted, for read as the average jury would read, or understand if read to them, this was equivalent to telling them that the contract referred to *was authorized* by appellants—a most important and determinative fact in the case.

We not infrequently have some reason to guess that records brought to this court do not speak the verity that the law clothes them with, and being familiar, as we are, with the legal acumen of the learned trial judge we may guess so in this instance, but doing so does not avail.

Notice of the defect in the instruction has been prominently urged upon us by appellant's counsel in their brief, and no attempt has been made to cure the record by amendment if it were susceptible of cure, and we must reverse the judgment for that error, if for no other. Other errors have been urged, which are not likely to occur on another trial, even though they exist here now, and we consequently omit discussion of them.

The judgment of the Circuit Court will be reversed and the cause remanded.

Reversed and remanded.